SALINE FREEMAN, PROSECUTOR, v. FRANK HAGUE ET AL., DEFENDANTS.

Submitted October term, 1928—Decided January 4, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Richard Doherty.*

For the defendants, *Thomas J. Brogan.*

PER CURIAM.

The *certiorari* in this case was allowed to review a resolution adopted April 10th, 1928, by the board of commissioners of Jersey City, rescinding a permit theretofore issued by Edward J. Spoerer, superintendent of buildings, on January 17th, 1928; being permit No. 36,249, to the prosecutor, Saline Freeman, for the erection of a one-story brick garage, for five pleasure cars, fifty by twenty by ten feet high, at No. 127 Clerk street, Jersey City, New Jersey.

The facts out of which the controversy arose are these: The board of commissioners passed a blanket resolution on December 13th, 1927, concurring in the recommendation of the superintendent of buildings, "as per the attached list of applications for building permits;" "that permission be granted to the following applicants to do such work," &c. This was done, apparently, because these enumerated applications, on their face, seem to be of the type that would not require a public hearing. This application was erroneously included in the recommendation of the building department.

After the permit had been issued, a petition signed by thirty-eight of the property owners or residents in the vicinity, *i. e.*, on Clerk street, between Carteret and Claremont avenues, opposed the construction of the building or garage. The board of commissioners ordered a public hearing to be held.

The prosecutor was notified to appear at the meeting of the city commissioners to be held on April 10th, 1928, for the consideration of the matter of revoking the permit. Record, page 21. The work was commenced about April 2d, 1928; on April 6th work was stopped. The facts that developed at the hearing resulted in the passage of the resolution under review rescinding the permit. Record, page 13.

The resolution rescinding the permit recites that an investigation by the commission discloses the fact that the permit was erroneously granted in violation of the ordinance passed June 3d, 1924. The only question involved in the case is, whether the city commission had the power and a right to rescind the permit under the ordinance passed June 3d, 1924?

The title of the ordinance is, "An ordinance to regulate the erection and alteration of all buildings and structures to be used or designed to be used for any purpose other than as residences or for living apartments." The third section provides: "After the board of commissioners has inspected or has caused to be inspected the premises mentioned in the application filed," &c. This, as stated above, through an error, was not done. It also provided "that if permission is granted same will not jeopardize life, limb or public health and will not increase the fire hazard in the locality," &c. "The board shall have the power to direct the building department to issue all necessary building permits," &c. The prosecutor argues that under the ordinance the board of commissioners had no power to revoke the permit.

It seems to us that under the facts as stated above, the board of commisioners had an implied power to revoke what had been granted through a mistake and to correct the error. The case of Citizens Holding Co. *v.* The Board of Adjustment of the City of Newark, No. 249, the present October

term of the Supreme Court is distinguished from this on the facts.

The resolution dated April 10th, 1928, by the board of commissioners of Jersey City rescinding a permit theretofore issued by Edward J. Spoerer is affirmed and the writ of *certiorari* is dismissed.